USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: September 30, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA J. JACKSON, Plaintiff, -v.- HALEY ROSS, et al., Defendants. | 25 Civ. 3392 (JHR) (VF) ORDER ADOPTING REPORT AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

On April 22, 2025, Plaintiff Joshua J. Jackson, acting *pro se*, brought this action against Defendants Attorney Haley Ross, Brooklyn Defender Services (together with Defendant Ross, the "BDS Defendants"), New York Police Department (the "NYPD"), and NYC Health + Hospitals ("HHC"), for violations of the U.S. Constitution and New York state law in connection with his arrest, prosecution, and hospitalization. ECF No. 1. On July 15, 2025, the Court dismissed the claims against the NYPD and added Inspector Gaby Celiba and the City of New York (the "City Defendants") as Defendants. ECF No. 7. Before the Court is the May 27, 2026 Report and Recommendation of Judge Figueredo recommending that the Court grant HHC's motion to dismiss, ECF No. 25, the BDS Defendants' motion to dismiss, ECF No. 37, and, with leave to amend certain claims, the City Defendants' motion to dismiss, ECF No. 55. ECF No. 69 (R&R). On June 5, 2026, Plaintiff timely filed a letter objecting to the Report and Recommendation and requesting leave to file an amended complaint. ECF No. 70. Before the Court could respond to the application, Plaintiff filed, without leave, an Amended Complaint on June 22, 2026. ECF No. 72 (Amended Complaint).

For the reasons set forth below, the Court overrules Plaintiff's objection and adopts the Report and Recommendation in full. The Court also deems Plaintiff's Amended Complaint to be the operative complaint in this case, except as to Count V, which is dismissed.

## BACKGROUND[1]

Plaintiff commenced this action on April 22, 2025 naming only Ross, Brooklyn Defender Services, the NYPD, and HHC. ECF No. 1. As Plaintiff was proceeding *in forma pauperis*, on July 15, 2025, the Court issued an Order of Service allowing Plaintiff to "rely on the Court and the U.S. Marshals Service to effect service." ECF No. 7. The Court also dismissed the NYPD as a Defendant "because an agency of the City of New York is not an entity that can be sued," and directed the Clerk of Court "to amend the caption of this action to add Inspector Celiba and the City of New York as Defendants" instead. *Id.* The Court also issued a *Valentin* order ordering "the New York City Law Department, which is the attorney for and agent of the NYPD, [to] ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue, as well as the address where each John Doe may be served." *Id.* The Court further directed that, "[w]ithin thirty (30) days of receiving the aforementioned information, Plaintiff must file an amended complaint naming those newly identified individuals as Defendants." *Id.* The next day, the Court referred the case for general pretrial management and reports and recommendations on dispositive motions to Judge Figueredo. ECF No. 8.

All Defendants waived service between July 2025 and August 2025, making their answers due within 60 days of the waiver. ECF Nos. 11, 12, 17, 20, 21. On September 10, 2025, the City requested a thirty-day extension of time from September 15, 2025 to October 15, 2025 "to respond to the Court's July 15, 2025 *Valentin* Order," ECF No. 23, which Judge Figueredo granted, ECF No. 24.

On September 19, 2025, Defendant HHC filed its motion to dismiss, ECF No. 25, along with a declaration, a memorandum of law, and a Local Rule 12.1 statement notifying Plaintiff

[1] Familiarity with the facts, which are set forth in more detail in the Report and Recommendation, is assumed. *See* ECF No. 69.

that it had submitted "additional written materials" in support of its motion and that the Court may treat it "as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure," ECF Nos. 26-30. On October 14, 2025, the BDS Defendants filed their motion to dismiss. ECF No. 37.

On October 2, 2025, the City Defendants informed Judge Figueredo that the City was in the process of responding to the Court's earlier *Valentin* Order and requested that "the Court relieve [them] of their obligation to respond to the Complaint until thirty (30) days after [P]laintiff files his amended complaint." ECF No. 35. On October 6, 2025, Judge Figueredo reiterated that "Plaintiff is directed to file his amended complaint within 30 days of receiving" the information identifying John Doe Defendants, and that Defendants' "responses to the amended complaint will be due within 30 days of Plaintiff filing the amended complaint." ECF No. 36. On October 15, 2025, the City responded to the Court's *Valentin* Order identifying Officer Ihor Zaverukha and former Officer Sean Barry as additional officers involved in Plaintiff's arrest. ECF No. 38. The City also attached a letter from Plaintiff where he stated that he "d[id] not wish to amend [his] original complaint." ECF No. 38-1. On November 12, 2025, Judge Figueredo directed Plaintiff to respond to Defendant HHC's motion to dismiss and the BDS Defendants' motion to dismiss by December 10, 2025. ECF No. 41. Judge Figueredo further ordered the City Defendants to respond to the complaint by the same date. *Id.*

On November 12, 2025, Defendant HHC filed a letter informing the Court that Plaintiff had sent his opposition to the motions to dismiss but had not filed it. ECF No. 42. On November 13, 2025 and again on November 18, 2025, Plaintiff filed his affidavit in opposition to both motions. ECF Nos. 43, 45. Defendant HHC had previously filed its reply on October 18, 2025, ECF No. 39, and the BDS Defendants filed their reply in further support of their motion on November 18, 2025, ECF No. 44.

On February 11, 2026, the City Defendants filed their motion to dismiss, ECF No. 55, as well as a memorandum of law, declaration, and Local Rule 12.1 Notice in support, ECF Nos. 56-58. On March 20, 2026, Plaintiff filed his affidavit in opposition to the motion, ECF No. 60, and the City Defendants filed their reply in further support of their motion on April 6, 2026, ECF No. 65.

On May 27, 2026, Judge Figueredo issued a 37-page Report and Recommendation recommending that "the motions to dismiss be granted and Plaintiff's complaint be dismissed." R&R at 36. Judge Figueredo recommended that Plaintiff "be afforded leave to amend the following claims: his Section 1983 claim for false arrest; his Section 1983 claim raising an equal protection violation; his Section 1983 claim raising an unlawful search of his apartment; and his *Monell* claims against the City," and that all other claims be dismissed "with prejudice." *Id.* The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file any objections." *Id.* at 37. The Report and Recommendation also cautioned that, "[i]f a party fail[ed] to file timely objections, that party w[ould] not be permitted to raise any objections to this Report and Recommendation on appeal." *Id.*

On June 5, 2026, Plaintiff filed a letter "respectfully object[ing] to the Report and Recommendation" and requesting "leave to file an amended complaint addressing the deficiencies identified by the Court" and that the "Court decline to dismiss the action with prejudice at this stage." ECF No. 70. On June 22, 2026, the BDS Defendants filed a response letter noting that "the deficiencies identified by Hon. Figueredo in the Report and Recommendation as to Attorney Ross and BDS are not ones that can be corrected in an Amended Complaint." ECF No. 71. Notwithstanding that the Court had not yet ruled on Plaintiff's request, Plaintiff filed, without leave, an Amended Complaint on June 22, 2026. ECF No. 72. The Amended Complaint names the City of New York, Defendant Celiba, NYPD

Officer Zaverkha, four unidentified John Doe NYPD Officers, and Defendant HHC and brings causes of action for: (1) false arrest in violation of Section 1983 against Defendants Celiba, Zaverkha, John Doe 1, and John Doe 2 (Count I); (2) a second false arrest (Count II); (3) unlawful search and entry in violation of Section 1983 against Defendants John Does 3 and 4 (Count III); (4) municipal liability against the City of New York (Count IV); and (5) unlawful conditions of confinement against Defendant HHC (Count V). *See generally id.*

HHC then sought a stay of its time to respond to the Amended Complaint, ECF No. 73, which Judge Figueredo granted, observing that the Amended Complaint "improperly attempts to revive claims against HHC that this Court previously recommended be dismissed without leave to amend," ECF No. 74. Judge Figueredo subsequently stayed "any Defendant's deadline to respond to the amended complaint . . . pending Judge Rearden's decision on the R&R." ECF No. 76. On August 3, 2026, the BDS Defendants requested "a formal Order of Dismissal" on the ground that the Amended Complaint does not name them. ECF No. 77.

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). But "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989 (NSR) (PED), 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905,

at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (same); *Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064 (GBD) (SN), 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (internal quotation marks and citation omitted).

With respect to any portions of the report and recommendation as to which no objection is made, the Court may adopt such portions "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527 (RA) (RLE), 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon*, 2023 WL 1516905, at *2 (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Finally, when making objections, "[*p*]*ro se* parties are generally accorded leniency." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

**DISCUSSION**

Plaintiff's June 5, 2026 letter reads, in its entirety: "Plaintiff respectfully objects to the Report and Recommendation and requests leave to file an amended complaint addressing the deficiencies identified by the Court. Plaintiff also requests that the Court decline to dismiss the

action with prejudice at this stage." ECF No. 70. Plaintiff's letter does not "specific[ally] and clearly" object to any of the "particular findings in the magistrate's proposal." *Pinkney*, 2008 WL 2811816, at *1. Nor do Plaintiff's requests suggest any specific objection. In fact, Plaintiff's requests to amend, and to decline dismissing the action with prejudice, are *consistent with* the Report and Recommendation, in which Judge Figueredo recommends granting Plaintiff leave to amend several of his claims and does not recommend dismissing the action in full at this time. "An objection to a report and recommendation in its entirety," as Plaintiff has lodged here, "does not constitute a specific written objection." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009). Thus, when such an objection is interposed, the Court "review[s] [the report and recommendation] for clear error." *Id.* Having carefully reviewed the Report and Recommendation, the Court finds no such error. The Report and Recommendation is "well-reasoned and grounded in fact and law." *See, e.g.*, *Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025).

In light of Plaintiff's *pro se* status, however, the Court notes that Plaintiff's prematurely filed Amended Complaint suggests that Plaintiff may have intended to raise one particularized objection to the Report and Recommendation. Specifically, Count V of the Amended Complaint reasserts a Section 1983 claim against HHC, even though the Report and Recommendation recommended that "any Section 1983 claim against HHC be dismissed without leave to replead." R&R at 30. Accordingly, the Court "determine[s] *de novo*" this portion "of the magistrate judge's disposition." Fed. R. Civ. P. 72(b)(3).

Even under *de novo* review, the Court adopts Judge Figueredo's recommendation to dismiss any Section 1983 claim against HHC "without leave to replead." R&R at 30. As the Report and Recommendation explained, "[i]t is well established in this Circuit that § 1983 claims brought against HHC are subject to the *Monell* standard." *Id.* at 15 (quoting *Taylor v. Rengel*,

No. 23 Civ. 10324 (JHR) (RWL), 2026 WL 691098, at *7 (S.D.N.Y. Feb. 6, 2026)). Under that standard, HHC is "not vicariously liable under § 1983 for [its] employees' actions," and Plaintiff "must prove that 'action pursuant to official municipal policy' caused [his] injury." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Judge Figueredo correctly determined that Plaintiff's original Complaint "ha[d] alleged no facts suggesting a policy, custom, or practice of HHC that caused a violation of his constitution[al] rights." R&R at 30. "Although district judges should, as a general matter, liberally permit pro se litigants to amend their pleadings, leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). In light of Plaintiff's prematurely filed Amended Complaint, the Court has the benefit of knowing "[t]he new allegations plaintiff wishe[s] to assert," *id.*, against HHC. Yet Count V still fails to allege facts relating to any HHC "policy, custom, or practice," R&R at 30; it alleges only that HHC "had custody and control over Plaintiff and a duty to ensure reasonable safety and care," ECF No. 72 at 5—a vicarious liability theory that *Monell* forecloses. "In the[se] circumstances," there is "no reason to permit amendment" of Plaintiff's Section 1983 claims against HHC. *Terry*, 826 F.3d at 633.

The Court therefore adopts the Report and Recommendation in its entirety. "[T]he motions to dismiss [are] granted," and Plaintiff is given leave to amend only the following claims: "his Section 1983 claim for false arrest; his Section 1983 claim raising an equal protection violation; his Section 1983 claim raising an unlawful search of his apartment; and his Monell claims against the City." R&R at 36. All other claims are dismissed without leave to amend and with prejudice. *See id.* ("As to all other claims discussed herein, I recommend that dismissal be with prejudice."); *Garcia v. Superintendent of Great Meadow Corr. Facility*, 841

F.3d 581, 583 (2d Cir. 2016) ("[A] dismissal for failure to state a claim operates as 'a final judgment on the merits.'" (quoting *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009))); *Drob Collectibles, LLC v. Leaf Trading Cards, LLC*, No. 23 Civ. 63 (GHW) (JW), 2024 WL 895315, at *2 (S.D.N.Y. Mar. 1, 2024) (dismissing claims on a Rule 12(b)(6) motion "with prejudice, without leave to replead").

The Court further notes that Plaintiff's Amended Complaint was not filed pursuant to any Order of this Court or otherwise authorized by Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 15(a)(1)-(2). Nevertheless, "[t]he Court has discretion to grant . . . leave to amend *nunc pro tunc* when parties file amended pleadings without complying with Rule 15(a)(2)." *Acklin v. Eichner*, No. 20 Civ. 7042 (GHW), 2024 WL 775191, at *4 n.12 (S.D.N.Y. Feb. 26, 2024). The Court therefore deems Plaintiff's "latest amended complaint . . . the operative complaint." *Id.* However, for the reasons explained, Count V in the Amended Complaint falls outside of the limited leave to amend granted by this Court. The Court therefore *sua sponte* dismisses Count V. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").

**CONCLUSION**

Accordingly, the Court overrules Plaintiff's apparent objection and adopts the Report and Recommendation in its entirety, including Judge Figueredo's recommendation that all other claims besides Plaintiff's Section 1983 claim for false arrest; his Section 1983 claim raising an equal protection violation; his Section 1983 claim raising an unlawful search of his apartment; and his *Monell* claims against the City be dismissed without leave to amend and with prejudice. The Amended Complaint, ECF No. 72, is now the operative complaint, except as to Count V,

which is hereby dismissed. The case is not closed and remains referred to Judge Figueredo. ECF No. 8.

The Clerk of Court is directed to terminate ECF Nos. 25, 37, 55; terminate Defendants Ross, Brooklyn Defender Services, and HHC as parties to this action; and mail a copy of this Order to Plaintiff. The Clerk of Court is further directed not to close this case.

SO ORDERED.

Dated: September 30, 2026
New York, New York

Jennifer H. Rearden

JENNIFER H. REARDEN
United States District Judge